IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAN ENERGY CHOICE COALITION, NFP ) ) ) Plaintiff, ) ) v. ) ) VILLAGE OF OAK PARK, ILLINOIS ) ) Defendant. ) ) | No. 1:25-cv-04353 Hon. Franklin U. Valderrama |

**Unopposed Motion of Sierra Club, Oak Park Climate Action Network,
Chicago Environmental Justice Network, and Respiratory Health Association
for leave to file a memorandum as *Amici Curiae*
in support of Defendant's Motion for Summary Judgment**

Pursuant to Local Rule 5.6, Sierra Club, Oak Park Climate Action Network ("OPCAN"), Chicago Environmental Justice Network ("CEJN"), and Respiratory Health Association ("RHA") (collectively, "Movants") respectfully seek this Court's leave to file the attached *amicus curiae* memorandum in support of Defendant's pending Motion for Summary Judgment.[1] Defendant and Plaintiff do not oppose this motion.

## INTERESTS OF MOVANTS

*Amicus* Sierra Club is a national grassroots environmental organization with more than 611,000 members nationwide, including over 22,000 members in Illinois and over 7,000 in Cook County, where Oak Park is located. Sierra Club's Building Electrification campaign endeavors to educate the public about the health harms caused by burning methane gas in homes and businesses and advocates for policies that protect against such harms. For example, Sierra Club

---

[1] No party's counsel authored the attached proposed amicus curiae memorandum in whole or in part, and no party or its counsel contributed money to fund the preparation or submission of the attached proposed amicus curiae memorandum.

has published and supported reports demonstrating the significant contribution of gas combustion in buildings to indoor and outdoor air pollution.[2] Sierra Club has advocated for policies to reduce pollution from buildings in legislative, regulatory, and judicial proceedings across the country,[3] including in Illinois and Oak Park. Sierra Club advocated for and has worked to implement building electrification provisions of Illinois' Climate and Equitable Jobs Act ("CEJA"), and as part of the Illinois Clean Jobs Coalition, supported Chicago's previously proposed Clean and Affordable Buildings Ordinance.[4] Sierra Club members played an active role in supporting enactment of the Village's building electrification ordinance ("Ordinance"), which is at issue in this case, including by serving as volunteer members of the Environment and Energy Committee that advised the Village in its process of developing the Ordinance,[5] and by

---

[2] *See, e.g.*, Brady Seals & Andee Krasner, *Health Effects from Gas Stove Pollution,* RMI, Physicians for Social Responsibility, Mothers Out Front & Sierra Club (May 2020), https://rmi.org/insight/gas-stoves-pollution-health/; Yifang Zhu et. al., *Effects of Residential Gas Appliances on Indoor and Outdoor Air Quality and Public Health in California,* UCLA Fielding School of Public Health (prepared for Sierra Club) (Apr. 2020), https://ucla.app.box.com/s/xyzt8jc1ixnetiv0269qe704wu0ihif7; Sonoma Technology, *Ozone Impacts from Building Combustion Sources on Nonattainment Areas in Maryland* (Sept. 25, 2024), *available at* https://www.sierraclub.org/sites/default/files/2024-11/md_buildingso3_final.pdf.

[3] *See, e.g.*, Sierra Club San Francisco Bay Chapter, *Berkeley Poised to Become First U.S. City to Phase Out Gas in New Construction* (July 11, 2019), https://www.sierraclub.org/san-francisco-bay/blog/2019/07/berkeley-poised-become-first-us-city-phase-out-gas-new-construction; Sander Kushen, *California's Cities Lead the Way on Pollution-Free Homes and Buildings*, Sierra Club (Feb. 14, 2023), https://www.sierraclub.org/articles/2021/07/californias-cities-lead-way-pollution-free-homes-and-buildings.

[4] Sierra Club, *Illinois Commerce Commission Approves Beneficial Electrification Plans, Invests in Transportation Sector Decarbonization* (Mar. 24, 2023), https://www.sierraclub.org/environmental-law/illinois-commerce-commission-approves-beneficial-electrification-plans-invests; Illinois Clean Jobs Coalition, *Mayor Johnson, Ald. Hadden, Business Leaders, and Environmental Justice Advocates Announce Introduction of Clean and Affordable Buildings Ordinance (CABO)* (Jan. 23, 2024), https://ilcleanjobs.org/2024/01/23/mayor-johnson-ald-hadden-business-leaders-and-environmental-justice-advocates-announce-introduction-of-clean-and-affordable-buildings-ordinance-cabo/; Illinois Clean Jobs Coalition, *Coalition Calls for Passage of Clean, Affordable Buildings Ordinance in Chicago* (Aug. 11, 2023), https://ilcleanjobs.org/2023/08/11/coalition-calls-for-passage-of-clean-affordable-buildings-ordinance-in-chicago/.

[5] *See* Village of Oak Park, Board of Trustees Meeting for June 20, 2023, Agenda Item: *An Ordinance Amending Chapter 7 ("Buildings"), Article 1 ("Building Code") of the Oak Park Village Code to Adopt the 2021 International Code Council Building Code as Recommended by the Building Code Advisory Commission* at 2 (summarizing recommendations of the Environment & Energy Commission), https://oak-park.legistar.com/LegislationDetail.aspx?ID=6262651&GUID=AB96C12F-7CE6-4D0D-

commenting in support of the Ordinance at the Board of Trustees meeting where it was proposed and debated.[6] Finally, Sierra Club has intervened in four active cases that raise Energy Policy and Conservation Act ("EPCA") preemption challenges to policies aimed at reducing building pollution, and has filed *amicus* briefs in multiple other cases of this nature. *See Amicus Curiae* Br., *Elizabeth Condo. Ass'n v. Montgomery County*, No. 8:25-cv-01019, ECF No. 33 (D. Md. July 24, 2025); *Amicus Curiae* Br., *Maryland Building Industry Ass'n v. McIlwain*, No. 8:25-cv-00113-DLB, ECF No. 47 (D. Md. May 1, 2025); Mot. for Leave to File Br. *Amicus Curiae*, *Natl Ass'n of Home Bldrs v. Montgomery Cnty.,* No. 8:24-cv-03024, ECF No. 44 (D. Md. Apr 7, 2025); Order, *Rinnai v. SCAQMD*, No. 24-cv-10482, ECF No. 35 (C.D. Cal. Feb. 26, 2025) (on appeal to 9th Circuit: No. 25-5129); *Amicus Curiae* Br., *Natl Ass'n of Home Bldrs v. DC*, No. 1:24-cv-2942, ECF No. 40 (D.D.C. June 24, 2025); Order, *Colo. Apartment Ass'n v. Ryan*, No. 1:24-cv-01093, ECF No. 50 (D. Colo. Aug. 22, 2024); Order, *Restaurant Law Ctr. v. City and County of Denver*, No 1:24-cv-01862, ECF No. 35 (D. Colo. May 1, 2025); *Amicus Curiae* Br., *Mulhern Gas Co. v. Mosley*, No. 1:23-cv-01267, ECF No. 57 (N.D.N.Y. Feb. 25, 2025) (on appeal to 2nd Circuit: No. 25-2041); Order, *Riviera v. Anderson*, No. 1:24-cv-00677, ECF No. 44 (W.D. Wash. July 23, 2024).

  *Amicus* OPCAN is a volunteer group of over 130 Oak Park residents who strive to implement the goals of Climate Ready Oak Park, the Village's 2022 climate action plan that

---

B35C-16C9105EC677&FullText=1; Village of Oak Park, Environment and Energy Commission Meeting Minutes for July 6, 2023 (listing Sierra Club member Ramona Blaber, who was also an OPCAN member, as a volunteer Commissioner), https://www.oak-park.us/files/assets/oakpark/v/1/boards-and-commisions/environment-amp-energy-commission/environment-and-energy-documents/2023/2023-07-06-environment-energy-commission-minutes.pdf.

[6] Village of Oak Park, Board of Trustees Meeting Minutes for Jan. 23, 2023, at 5 (describing comments of then-Sierra Club members Chris Pinc and Alex McLeese, who are also OPCAN members), https://docs.google.com/gview?url=https://oak-park.legistar1.com/oak-park/meetings/2023/1/1606_M_President_and_Board_of_Trustees_23-01-23_Meeting_Minutes.pdf&embedded=true.

OPCAN supported and helped develop.[7] OPCAN works more broadly to eliminate its community's contribution to the global climate crisis through equitable policies and practices. OPCAN members were deeply involved in the development and passage of the Ordinance at issue through development of the building electrification recommendations in Climate Ready Oak Park that led to the Ordinance,[8] service on the volunteer commissions that advised the Village in its process of developing the Ordinance,[9] public comment at the Board of Trustees meeting where the Ordinance was debated,[10] and multiple letters to the editor in support of the Ordinance—several of which emphasized the Ordinance's public health benefits.[11]

*Amicus* CEJN is a network of allied environmental justice organizations based on the South and Southwest side of Chicago, empowering community members to change systems and build power through transformative campaigns, policy advocacy rooted in lived experience, and

---

[7] *See* OPCAN, *About Us: Our History*, https://opcan.org/about (last visited Sept. 30, 2025); Climate Ready Oak Park, *Community Sustainability, Climate Action & Resilience Plan* (listing OPCAN in the Plan's "Community Engagement" section), *available at* https://storymaps.arcgis.com/stories/b4f6e9bdfd864b31b28072156d6d6bcf (last visited Sept. 30, 2025).

[8] *Id.* (listing the goal to "Establish and implement an energy stretch code for new construction and major renovations that requires enhanced building system performance, electrification, and readiness for on-site solar energy and electric vehicle (EV) charging").

[9] *See* Village of Oak Park, Board of Trustees Meeting for June 20, 2023, *supra* n.5 at 2 (summarizing recommendations of the Environment & Energy Commission); Village of Oak Park, Environment and Energy Commission Meeting Minutes for July 6, 2023, *supra* n.5 (listing then-OPCAN members Ramona Blaber and Cassandra West as volunteer Commissioners).

[10] Village of Oak Park, Board of Trustees Meeting Minutes for Jan. 23, 2023, *supra* n.6 at 5.

[11] *See, e.g.*, Wendy Greenhouse, Letter to the Editor: "Getting Oak Park Ready for a Gas-Free Future," *Wednesday Journal of Oak Park & River Forest*, Dec. 27, 2022, https://www.oakpark.com/2022/12/27/getting-oak-park-ready-for-a-gas-free-future/; Laura Derks et al., Letter to the Editor: "Overcome Obstacles to Electrifying Buildings," *Wednesday Journal of Oak Park & River Forest*, July 26, 2022, https://www.oakpark.com/2022/07/26/overcome-obstacles-to-electrifying-buildings%EF%BF%BC/; Dimitra Lavrakas, Letter to the Editor: "The Downside of Natural Gas," *Wednesday Journal of Oak Park & River Forest*, July 12, 2022, https://www.oakpark.com/2022/07/12/the-downside-of-natural-gas/; Doug Burke & Mac Robinet, Letter to the Editor: "Climate Change Requires Electrification of Buildings," *Wednesday Journal of Oak Park & River Forest*, Nov. 16, 2021, https://www.oakpark.com/2021/11/16/climate-change-requires-electrification-of-buildings/.

community-based education.[12] CEJN supports policies to equitably advance pollution-free buildings in the Chicago area, including Oak Park. As part of the Illinois Clean Jobs Coalition, CEJN advocated for CEJA and supported Chicago's previously proposed Clean and Affordable Buildings Ordinance to address the health and economic effects of building emissions.

*Amicus* RHA is a charitable organization that has worked to prevent lung disease and promote clean air through education, research, and policy activism since 1906. RHA operates throughout Illinois and has pushed for reducing indoor air pollution in the name of lung health across the Midwest. RHA participates in the Illinois Clean Jobs Coalition, which advocates for building decarbonization.

## DISCUSSION

Whether to allow a non-party to participate as an *amicus* is within the Court's discretion. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2004 U.S. Dist. LEXIS 9851, at *3 (N.D. Ill. May 28, 2004). *Amicus* briefs should be permitted where they offer helpful ideas, arguments, and information that are not present in the parties' briefs. *Rawson v. ALDI, Inc.*, 2022 U.S. Dist. LEXIS 88511, at *18 (N.D. Ill. May 17, 2022) (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). An *amicus* can offer such helpful information by "providing practical perspectives on the consequences of potential outcomes; … supplying empirical data informing one or another question implicated by an appeal; … conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges," and in other ways. *Rawson v. ALDI,* 2022 U.S. Dist. LEXIS 88511, at *18-19 (cleaned up) (quoting *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 976

---

[12] CEJN members include the Little Village Environmental Justice Organization, Blacks in Green, People for Community Recovery, the Southeast Environmental Task Force, and Neighbors for Environmental Justice. *See* CEJN, *Members*, https://www.chicagoejn.org/members (last visited Sept. 30, 2025).

F.3d 761, 763 (7th Cir. 2020)). A court is more likely to permit *amicus* participation when the case at issue may affect the prospective *amicus*'s interest in another case, or when the *amicus* "has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Rawson v. ALDI*, 2022 U.S. Dist. LEXIS 88511, at *19 (quoting *Voices for Choices*, 339 F.3d at 545).

Here, the proposed *amicus* memorandum will aid the Court's decision by providing specialized scientific and empirical findings about the public health issues addressed by Oak Park's Ordinance and similar state and local laws, which are not addressed by the parties. *See* Proposed *Amicus Curiae* Mem. at 3-10. Additionally, some of the proposed *amici* have direct interests in other litigation that may be affected by the outcome of this case. The Court should therefore grant Movants' request and consider the attached *amicus* memorandum.

First, this is not a case where the proposed *amicus* "essentially duplicates a party's brief." *Voices for Choices*, 339 F.3d at 544. To the contrary, Movants represent a diversity of perspectives that are distinct from that of the Village, and those distinct perspectives are reflected in the content of their brief. OPCAN is a group of climate-concerned Oak Park residents who advocated for the Ordinance and who will directly benefit from its reductions in local health-harming pollution and greenhouse gas emissions. RHA is a Chicago-based organization that is focused on improving respiratory health across the entire Chicago region, with interests in the Ordinance's public health benefits throughout the Chicago region. CEJN works throughout the Chicago metropolitan area, applying an environmental justice and equity focus to reducing pollution from the buildings where people live and work. The Movant groups have interests in pursuing policies similar to Oak Park's ordinance in neighboring jurisdictions, and several advocated in support of Chicago's previously proposed Clean and Affordable Buildings

6

Ordinance. As an organization with expert staff and members across the country, Sierra Club brings nationwide perspectives and expertise to the public health issues and legal questions implicated in this case. Because the Village is a municipal government charged with balancing a broad range of its residents' interests, it necessarily does not share Movants' specific focus on public health or their interests in advancing policy to reduce pollution from buildings beyond the Village's jurisdiction.

Movants' proposed memorandum incorporates their unique expertise on the public health and legal issues posed by this case to provide data, analysis, and arguments that are not present in the parties' briefs. The proposed memorandum provides empirical data on the public health harms of building pollution, Proposed *Amicus Curiae* Mem. at 2, 3-10, and summarizes the specialized scientific and technical background required to understand what this data means for the practical health and climate consequences at stake in this case. *Id*. at 7-10; *see Rawson v. ALDI,* 2022 U.S. Dist. LEXIS 88511, at *18. Additionally, the memorandum identifies legal authority relevant to preemption analysis in fields of traditional state regulation, such as public health and air pollution regulations, that was not mentioned or analyzed in the parties' briefs. *Id.* at 12-14 (citing *Laborers' Pension Fund v. Miscevic*, 880 F.3d 927, 931 (7th Cir. 2018)); *Chamberlain Group*, 2004 U.S. Dist. LEXIS 9851, at *5.

Finally, Movants have interests in other litigation that may be materially affected by the outcome of this case. Sierra Club has intervened in four active cases that raise EPCA preemption challenges to policies aimed at reducing building pollution, and has filed *amicus* briefs in a number of other such cases. The outcome of the present case may affect Sierra Club's interest in these other cases, as it will likely yield persuasive authority that is directly relevant to the legal issues presented in those cases. *See Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 532-33 (7th

7

Cir. 1988) (explaining that participation as *amicus curiae* is appropriate for entities with interests in the persuasive *stare decisive* effect of a court's decision); *see also Am. Deposit Corp. v. Schacht*, 1995 U.S. Dist. LEXIS 2686, at *9 (N.D. Ill. Mar. 3, 1995) (permitting *amicus* participation in such a situation). And as discussed above, all Movant groups support policies to reduce building emissions in neighboring jurisdictions like Chicago, whose authority to enact such policies could be directly impacted by the outcome of this case. The potential for this case to impact Movants' interests in other cases weighs in favor of permitting them to participate as *amici*. *Voices for Choices*, 339 F.3d at 545.

Accordingly, by applying their expertise derived from the above-described efforts, Movants seek to provide this Court with non-duplicative and helpful information about the Ordinance's public health basis and the Village's police power to enact it.

## CONCLUSION

For the foregoing reasons, Sierra Club, OPCAN, CEJN, and RHA respectfully request that this Court grant their motion for leave to file a memorandum as *amicus curiae* in support of Defendant's Motion for Summary Judgment.

Dated: October 1, 2025               Respectfully submitted,

/s/ *Sari Amiel*

Sari Amiel (#1719050)
Sierra Club
50 F St. NW, Eighth Floor
Washington, DC 20001
(301) 807-2223
sari.amiel@sierraclub.org

Jim Dennison (#52843)
Sierra Club
1650 38th St. Ste. 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

*Counsel for Sierra Club and OPCAN*

Robert A. Weinstock
Director, Environmental Advocacy Center
Clinical Professor of Law
Northwestern Pritzker School of Law
375 E. Chicago Ave. | Chicago, IL 60611
robert.weinstock@law.northwestern.edu
(312) 503-1457

*Counsel for the*
*Chicago Environmental Justice Network &*
*Respiratory Health Association*