UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAN ENERGY CHOICE COALITION, NFP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF OAK PARK, ILLINOIS, )<br>)<br>Defendant. ) | Case No. 1:25-cv-04353<br>Hon. Franklin U. Valderrama |

**PLAINTIFF'S COMBINED REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

i

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

    I.    The Plain Text of EPCA's Express Preemption Provisions Controls, and the Presumption Against Preemption Does Not Apply ................................................................................ 2

    II.   EPCA Preempts Oak Park's Ordinance ............................................................................ 3

        A.    EPCA's express preemption provisions are not limited to local energy conservation standards ................................................................................................................... 4

        B.    Because the Ordinance is a regulation concerning energy use, it is preempted ............. 6

        C.    Oak Park's motive in enacting the Ordinance is irrelevant ........................................... 8

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*,
  410 F.3d 492 (9th Cir. 2005) ...................................................................................................9

*Cal. Restaurant Assoc. v. City of Berkeley*,
  89 F.4th 1094 (9th Cir. 2024) ........................................................................................ passim

*Chamber of Commerce v. Whiting*,
  563 U.S. 582 (2011) ..................................................................................................................2

*Commonwealth of Puerto Rico v. Franklin Cal. Tax Free-Trust*,
  579 U.S. 115 (2016) ..........................................................................................................2, 3, 8

*Laborers' Pension Fund v. Miscevic*,
  880 F.3d 927 (7th Cir. 2018) ................................................................................................2, 3

*Lamar, Archer & Cofrin, LLP v. Appling*,
  584 U.S. 709 (2018) ..................................................................................................................5

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024) ..................................................................................................................9

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
  514 U.S. 645 (1995) ..................................................................................................................8

*Salas v. Wisconsin Dep't of Corr.*,
  493 F.3d 913 (7th Cir. 2007) ....................................................................................................1

*Virginia Uranium, Inc. v. Warren*,
  587 U.S. 761 (2019) ..................................................................................................................9

*Ye v. GlobalTranz Enters., Inc.*,
  74 F.4th 453 (7th Cir. 2023), *cert denied*, 144 S. Ct. 564 (2024) .........................................2, 3

**Statutes**

42 U.S.C. § 6291 ............................................................................................................... passim

42 U.S.C. § 6297 ............................................................................................................... passim

42 U.S.C. § 6297 .......................................................................................................................1, 3

42 U.S.C. § 6311 ...........................................................................................................................4

42 U.S.C. § 6316 ............................................................................................................. 1, 3, 4

**Other Authorities**

10 C.F.R. § 430.2 ................................................................................................................. 10

47 Fed. Reg. at 14,456 ......................................................................................................... 10

## INTRODUCTION

The parties agree that this case involves no disputed factual questions and turns on a single question of law: Do the express preemption provisions of the federal Energy Policy and Conservation Act ("EPCA") bar the Village of Oak Park ("Oak Park") from enforcing its Ordinance banning natural-gas appliances in new buildings?[1]

The answer is yes, EPCA's express preemption provisions do preempt the Ordinance. EPCA preempts any law "concerning the … energy use" of consumer and industrial appliances. 42 U.S.C. §§ 6297(c), 6316(b)(2)(A). And the Ordinance's ban on natural-gas appliances plainly concerns the use of "energy" (which under EPCA can specifically mean "fossil fuels," 42 U.S.C. § 6291(3)). After all, the Ordinance prohibits appliances that use any quantity of fossil fuels.

The Ninth Circuit, the only federal court of appeals to address this issue, agrees: "EPCA preempts regulations, including 'building code requirements,' § 6297(f), that relate to 'the quantity of [natural gas] directly consumed by' certain consumer appliances at the place where those products are used." *Cal. Restaurant Assoc. v. City of Berkeley*, 89 F.4th 1094, 1102 (9th Cir. 2024).

Reciting the same arguments that the Ninth Circuit rejected, Oak Park insists that EPCA preempts only "local energy conservation standards." ECF 35 at 6-7. And that argument is simply irreconcilable with the statutory text: EPCA preempts any law concerning "energy use" (a defined term), *not* "energy conservation standards" (also a defined term). If Congress had wanted to limit preemption to energy conservation standards, it could have easily done so. It did not. Nor, contrary to Oak Park's contentions, is the motive underlying the Ordinance relevant. The plain statutory text answers the question of this case: The Ordinance is preempted.

---

[1] Oak Park disputes a few of the statements in the Coalition's Statement of Undisputed Material Facts, *see* ECF 35-1 at 5-7, but its brief opposing summary judgment motion does not argue that these disputes are material or provide a basis for denying summary judgment, *see* ECF 35. It has thus waived any argument based on its factual quibbles. *See, e.g., Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007).

1

**ARGUMENT**

I. **The Plain Text of EPCA's Express Preemption Provisions Controls, and the Presumption Against Preemption Does Not Apply**

As the Coalition explained in its opening briefing, "courts should 'not invoke any presumption against preemption in express preemption cases'" such as this one. ECF 28 at 12 (quoting *Chamber of Commerce v. Whiting*, 563 U.S. 582, 594 (2011)); *accord Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 457 (7th Cir. 2023), *cert denied*, 144 S. Ct. 564 (2024). Oak Park does not dispute this principle, but its supporting *Amici curiae* insist that the presumption against preemption should apply. ECF 37 at 18-19. That is incorrect.

The Supreme Court has made clear that where a federal "statute contains an express pre-emption clause," courts "*do not* invoke any presumption against preemption" and instead "focus on the plain wording of the [express preemption] clause, which necessarily contains the best evidence of Congress' pre-emptive intent." *Commonwealth of Puerto Rico v. Franklin Cal. Tax Free-Trust*, 579 U.S. 115, 125 (2016) (emphasis added) (quotations omitted). *Amici*, however, argue that the Seventh Circuit has refused to apply *Franklin* "categorically" and has instead "continued to apply the presumption to express preemption provisions in areas of traditional state regulation." ECF 37 at 19. In support of this assertion, *Amici* cite a single case—*Laborers' Pension Fund v. Miscevic*, 880 F.3d 927, 933-34 (7th Cir. 2018). *Id.* But *Laborers' Pension Fund* does not state anything of the sort. *Laborers' Pension Fund* involved the frequently recurring subject of ERISA preemption, and it simply followed earlier ERISA decisions that had presumed that ERISA does not preempt laws involving traditional areas of state regulation; it did not address or even cite to the Supreme Court's decisions in *Whiting* or *Franklin*, let alone apply a presumption against preemption to EPCA or any similar statute. *Id.*

2

The *only* Seventh Circuit decision to grapple with *Franklin*'s explicit refusal to apply the presumption to express preemption clauses is *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023)—a case which post-dates *Laborers' Pension Fund* by several years and which specifically refused to apply "a presumption against preemption," 74 F.4th at 465. *Ye* nowhere suggests an exception to *Franklin* for cases involving areas of traditional state regulation. *Id.* And if any such carve-out were to exist, then surely *Ye* would have applied (or at least discussed) it, for that case dealt with traditional state tort negligence claims. *Id.* at 456 (noting that the plaintiff "brought two Illinois tort claims—one for negligent hiring and another for vicarious liability"). Applying *Franklin*, *Ye* "focus[ed] on the text," did not apply any presumption against presumption, and held that the state tort claim was preempted by federal law. *Id.* at 465.

*Amici*'s demand that this Court apply the presumption against preemption is thus foreclosed by binding precedent. Accordingly, the question before the Court is simply whether EPCA's express preemption provisions are best read to preempt the Ordinance. They are.

**II.    EPCA Preempts Oak Park's Ordinance**

EPCA's express preemption clauses are clear: The statute preempts laws "concerning the . . . energy use" of consumer and industrial appliances. 42 U.S.C. §§ 6297(c), 6316(b)(2)(A). And Oak Park's Ordinance banning natural-gas appliances is preempted because it plainly concerns the energy use of appliances—as the Ninth Circuit held in invalidating a similar ordinance. *See Cal. Restaurant Assoc. v. City of Berkeley*, 89 F.4th 1094, 1102 (9th Cir. 2024). The Ninth Circuit's decision in *California Restaurant Association* correctly interpreted EPCA: A "regulation on 'energy use' fairly encompasses an ordinance that effectively eliminates the 'use' of an energy source." *Id.* Oak Park contends with this precedent by raising three arguments—none of which were persuasive to the Ninth Circuit, and all of which are wrong on the merits.

3

**A. EPCA's express preemption provisions are not limited to local energy conservation standards**

As the Coalition explained in its opening brief, *see* ECF 28 at 4, EPCA defines "energy use" as "the quantity of energy directly consumed by an [appliance] at point of use." 42 U.S.C. § 6291(4); *accord* 42 U.S.C. § 6311(4).[2] EPCA in turn provides that "'energy' means electricity, or fossil fuels." 42 U.S.C. § 6291(3); *accord* 42 U.S.C. § 6311(7). EPCA therefore preempts any regulations, including "building code requirements," 42 U.S.C. § 6297(f), that "concern[]," 42 U.S.C. § 6297(c), the "quantity of [fossil fuels] directly consumed by" appliances at the place where those appliances are used, 42 U.S.C. § 6291(3)-(4); *see Cal. Restaurant Assoc.*, 89 F.4th at 1101-02 (walking through the statutory text and reaching this same conclusion).

Oak Park does not directly dispute any of this. Instead, it insists that "EPCA preempts only those local regulations that prescribe the equivalent of a federal *energy conservation standard*." ECF 35 at 11 (emphasis added). This argument misses the mark for several reasons.

First and most important, EPCA's plain text forecloses any attempt to equate "regulation concerning . . . energy use" with "energy conservation standards." As the Ninth Circuit pointed out, EPCA has a separate definition for "energy conservation standards," and if Congress truly intended to limit preemption to "energy conservation standards" it could have specifically selected that defined term. *See Cal. Rest. Ass'n*, 89 F.4th at 1105; *see also* 42 U.S.C. § 6291(6)(A) (defining "energy conservation standard" as "a performance standard which prescribes a minimum level of energy efficiency or a maximum quantity of energy use").[3] In fact, "elsewhere EPCA uses both

---

[2] Similar to EPCA's preemption provision for consumer products, EPCA's preemption provision for industrial appliances preempts "any State or local regulation concerning the energy efficiency or energy use of a product" that is subject to an EPCA industrial equipment standard. 42 U.S.C. § 6316(b)(2)(A).

[3] In fact, EPCA authorizes DOE to promulgate "energy conservation standards," 42 U.S.C. § 6291(6), for "covered products" provided that the standards are "technologically feasible, "economically justified," and

4

"energy use" and "energy conservation standards" together—which shows that they aren't simply interchangeable." *Cal. Rest. Ass'n*, 89 F.4th at 1105 (citing 42 U.S.C. § 6297(d)(1)(A)). Thus, the narrowed meaning for "energy use" that Oak Park advances—which seeks to "supplant 'energy use' . . . and replace th[at] term[] with 'energy conservation standard,'" *id.* —does not square with the statutory text.

Second, Oak Park ignores Congress's decision to preempt any regulation "concerning" energy use. 42 U.S.C. § 6297(c). It is well established that the term "concerning" "generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *See Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 717 (2018) (citation omitted). Congress used this term intentionally, and this Court should thus read this provision as courts typically do when Congress uses this term—expansively. *See id.* (noting that the Supreme Court "has typically read the relevant text expansively" where a statute includes terms like "concerning" or "relating to"). The Coalition explained this point in its opening brief, *see* ECF 28 at 14-15, and Oak Park has not even attempted to dispute it. Oak Park's restrictive view of the express preemption provisions is thus further belied by Congress's use of the term "concerning."

Third, Oak Park's argument that only "energy conservation standards" are preempted is based in part on the notion that "the quantity of energy directly consumed by a consumer product at point of use," 42 U.S.C. § 6291(4), refers to "a fixed value" calculated before a product leaves the factory floor and is "*not* a measure of how much an appliance actually runs in each workshop or home it is installed in," ECF 35 at 16. This notion is premised on Oak Park's technical understanding of "point of use," but it ignores that "point of use" is *not* a defined term, which

---

result in "significant conservation of energy." *Id.* § 6295(o). "Energy conservation standards" under the EPCA take two forms: performance standards that "prescribe[ ] a minimum level of energy efficiency or a *maximum quantity of energy use*," and design requirements. *Id.* § 6291(6) (emphasis added).

5

means it should be given its ordinary meaning. And in any case, it is not clear how this notion is supposed to further Oak Park's argument because Oak Park *concedes* that EPCA's preemption provisions are *not limited to direct regulations of manufacturers* but extend to regulations that "*indirectly*" regulate energy use, including by limiting which appliances builders can use. ECF 35 at 17 (emphasis added). Indeed, EPCA's exemption for certain building codes, 42 U.S.C. § 6297(f), confirms that preemption applies even if the local rule does not regulate appliances directly as they leave the factory floor. Because building codes by definition cannot regulate appliances directly, this exception "demonstrates that EPCA's preemptive scope extends beyond direct or facial regulations of covered products to at least include building codes 'concerning the energy . . . use' of such products." *California Rest. Ass'n*, 89 F.4th at 1101.[4]

In sum, EPCA "broadly preempts any state regulation concerning 'energy use' . . . of the covered product," not just energy conservation standards. *California Rest. Ass'n*, 89 F.4th at 1105. As the Ninth Circuit explained, "we can't simply reconfigure the statute to fit the [Village's] needs. Instead, after Congress has taken pains to define each phrase separately, it would be inappropriate for courts to disregard those nuances and treat the phrases as interchangeable." *Id.*

**B. Because the Ordinance is a regulation concerning energy use, it is preempted**

Oak Park's Ordinance is preempted because it is a "regulation concerning … energy use," 42 U.S.C. § 6297(c)—that is, it is a regulation concerning "the quantity of energy [i.e., fossil fuels] directly consumed … at point of use, 42 U.S.C. § 6291(3)-(4). In particular, the Ordinance bans

---

[4] Oak Park also asserts in passing that "[m]any of Oak Park's code provisions do not act on EPCA-covered products," ECF 35 at 14, but this is irrelevant. Oak Park does not dispute that its Ordinance does act on *some* EPCA-covered products. EPCA preempts the Ordinance to the extent it applies to EPCA-covered products, and the Ordinance can continue to apply to any non-covered products (none of which Oak Park bothers to identify). As the Ninth Circuit explained, "EPCA would only supersede the regulation's impact on the covered products. And the State could still enforce its regulation against the non-covered products. In other words, if a building code concerns the 'energy use' of covered and non-covered products alike, EPCA's preemptive effect is limited to the covered products." *Cal. Rest. Ass'n*, 89 F.4th at 1104.

6

appliances that *use any quantity of fossil fuels*: In new buildings, the "source of energy for the building shall be all electric and *the source of energy shall not be fossil fuels*," which means that appliances that use *any* quantity of fossil fuels (e.g., natural gas) cannot be installed. Oak Park Vill. Code § 7-1-2 at P301.1(1) (emphasis added); *id.* § 7-6-2 at X301.1(1). The Ordinance also mandates that, except in single- and dual-family homes, "all cooktops shall be electric induction types" and "all cooking ovens shall be electric types," and that in all buildings "[e]nergy for any clothes dryer shall be provided by an electric heat pump." *Id.* § 7-1-2 at P301.1(6)–(8); *id.* § 7-6-2 at X301.1(6). In short, the Ordinance imposes a requirement on how much fossil fuels appliances can use: If they use more than zero, they are banned. The Ordinance is thus a regulation concerning the quantity of fossil fuels directly consumed by appliances. It is therefore preempted.

Oak Park resists this straightforward conclusion by arguing that the Ordinance does "not require that those [EPCA-covered] products be redesigned to consume less energy" but instead "restrict[s] most new buildings from using one particular fuel source: fossil fuels." ECF 35 at 14. Oak Park's argument appears to be that the Ordinance evades preemption because it focuses on fossil fuels specifically rather than "energy" generally. Recall, however, that EPCA expressly defines "energy" to mean "electricity, *or fossil fuels*." 42 U.S.C. § 6291(3) (emphasis added). Thus, regulations concerning "the quantity of [electricity, or fossil fuels]" consumed by appliances are preempted. 42 U.S.C. § 6291(4). Here, Oak Park's Ordinance indisputably regulates the quantity of fossil fuels consumed by appliances: It prohibits any appliance that uses more than zero fossil fuels, and "more than zero" is obviously a "quantity"—and Oak Park does not argue otherwise. *See Cal. Rest. Ass'n*, 89 F.4th at 1102 (citing the Oxford English Dictionary Online (2022) to note that "'quantity' means 'a property or attribute that can be expressed in numerical terms'"). Accordingly, EPCA preempts Oak Park's Ordinance.

7

### C. Oak Park's motive in enacting the Ordinance is irrelevant

Oak Park scarcely responds to the Coalition's arguments pointing out that EPCA expressly extends to local regulations of fossil fuel use. *See* ECF 28 at 9. Its response to this point consists of a single sentence: "A local law imposing an energy conservation design requirement on gas or electric boilers is equally preempted regardless of whether it addresses electric energy or fossil fuel energy, but a local law that restricts the use or installation of an appliance *for health and safety reasons is not*." ECF 35 at 17 (emphasis added). In other words, Oak Park argues that its *motive* in enacting the Ordinance (purportedly health and safety rather than energy conservation) exempts the Ordinance from preemption. That, too, is incorrect.

Oak Park's motive in enacting the Ordinance has nothing to do with whether the Ordinance is preempted by EPCA. As Oak Park admits, "[a]s with any question of statutory interpretation, the express preemption inquiry starts with EPCA's 'text and structure.'" ECF 35 at 11 (quoting *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)). And *Franklin* adds that express preemption cases both begin *and end* with the statutory text. *See* 579 U.S. at 125.

Notably, Oak Park does not cite *any* case in which express preemption turned on the state or municipality's motive in enacting its law. The one case Oak Park cites in this discussion—*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (cited in ECF 35 at 18)—referred to *Congress's* "objectives," not the locality's. Further, *Blue Cross v. Travelers* explained that its need to look to legislative history was due to ERISA's "unhelpful text and the frustrating difficulty of defining its key term" that the Court was forced to "look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." 514 U.S. at 656. Here, in contrast, the statutory text is clear, which means there is no reason to resort to speculation regarding Congress's unenacted

8

objectives—much less speculation regarding *Oak Park's* objectives in enacting the Ordinance. *Cf. Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 498 (9th Cir. 2005) (noting that EPCA's general purpose was to establish a "comprehensive energy policy" and that the specific purpose of EPCA's preemption provisions was to address "the problem of a growing patchwork of differing state regulations").

The only authority that Oak Park cites to suggest that a locality's motives could be relevant to EPCA preemption is a proposed rule issued by the Department of Energy, which suggested in passing that a "rule whose purpose is other than energy efficiency[,] such as a law on fire safety, would not appear to be preempted by the Federal rule." ECF 35 at 13 (citing 47 Fed. Reg. 14,424, 14,456 (Apr. 2, 1082); 47 Fed. Reg. 57,198, 57,215 (Dec. 22, 1982)). But that 1982 guidance came from the Department of Energy, not Congress. The Department of Energy cannot speak to the meaning of EPCA's express preemption provisions; the interpretation of those provisions resides with the courts, not federal agencies. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 401 (2024). And Oak Park does not cite any court that has ever held that the applicability of any express preemption provision turns on the motives of the legislators who enacted the state or local regulation. For good reason: "What motivates one legislator to vote for a statute is not necessarily what motivates scores of others to enact it." *Virginia Uranium, Inc. v. Warren*, 587 U.S. 761, 777 (2019) (rejecting the notion that preemption should turn on legislative motives).

Regardless, even taking the Department of Energy guidance at face value, it asserts that preemption would not apply to a "law on fire safety" (and Oak Park similarly points to several fire-safety provisions which it claims would be preempted under the Coalition's view of EPCA). ECF 35 at 18-20.[5] The context of the statement indicates that the Department of Energy was

---

[5] Notably, the "fire safety" laws to which Oak Park refers in its briefing include "bans on the use of kerosene space heaters" and bans on the use of a "fuel mix containing gasolene" in furnaces. ECF 35 at 19-20. But

9

referring to a local law that does *not* regulate energy use "even if it has a secondary and incidental effect of improving the efficiency of a covered product." 47 Fed. Reg. at 14,456. As explained above, Oak Park's Ordinance *does* regulate energy use. For that reason, it is preempted, regardless of the motivations of the various officials who voted for the Ordinance.

In sum, whether the Ordinance is justified or beneficial to public safety is not an issue material to the resolution of this case—and is ultimately a paltry attempt to transform a question of statutory interpretation into something resembling a constitutional rational-basis inquiry. Under Supreme Court and Seventh Circuit precedent, the plain meaning of EPCA's express preemption clause is the *only* relevant question—and one that compels a single result: The Ordinance is preempted.

## CONCLUSION

For the foregoing reasons, this Court should grant the Coalition's Motion for Summary Judgment, deny Oak Park's Motion for Summary Judgment, and issue declaratory and injunctive relief barring Oak Park from enforcing its Ordinance.

Dated: October 22, 2025                                  Respectfully submitted,

**CLEAN ENERGY CHOICE COALITION, NFP**

By: /s/ *Christine E. Skoczylas*

Christine E. Skoczylas (#6293811)
Alexander J. Bandza (#6312301)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 537-1313

---

there is no energy conservation standard for space heaters, so there is no preemption under the plain text of the statute. 42 U.S.C. § 6297(c). Similarly, EPCA does not regulate gasoline-powered furnaces because they are not included in the relevant definition of "furnaces." *See* 10 C.F.R. § 430.2. Thus, neither of the "fire safety" laws to which Oak Park cites would be barred by EPCA's preemption provision.

christine.skoczylas@btlaw.com
abandza@btlaw.com

Kian James Hudson
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 229-3111
kian.hudson@btlaw.com

*Attorneys for Plaintiff*

christine.skoczylas@btlaw.com
abandza@btlaw.com

Kian James Hudson
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 229-3111
kian.hudson@btlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 22, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

<u>/s/ Christine E. Skoczylas</u>