**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLEAN ENERGY CHOICE COALITION, NFP<br><br>*Plaintiff,*<br><br>v.<br><br>VILLAGE OF OAK PARK, ILLINOIS,<br><br>*Defendant.* | Case No. 1:25-cv-04353<br><br>Hon. Franklin U. Valderrama |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(d), Plaintiff Clean Energy Choice Coalition NFP ("the Coalition") submits its response to Defendant Village of Oak Park Statement of Undisputed Material Facts in support of Defendants' Cross-Motion for Summary Judgment.

1. Like other municipalities across the country, the Village of Oak Park has faced and continues to face the impacts of fossil fuel combustion. And, like many others, the Village resolved to protect its residents' future by creating a multi-faceted plan to address these impacts. Declaration of Christina M. Waters (Exhibit A), ¶¶ 6-12.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact.

2. In 2020, the Village began developing a Community Sustainability, Climate Action, and Resiliency Plan called Climate Ready Oak Park ("CROP")—its comprehensive and long- range plan to safeguard Oak Park's residents from the damage and human health harm caused

1

by fossil fuel usage. Declaration of Lindsay Roland Nieratka (Exhibit B), ¶ 7; Ex. A (Waters Decl.), ¶ 6. CROP was the product of two years of analysis, public input, and deliberation. Ex. A (Waters Decl.), ¶¶ 6-10.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact.

3. To develop CROP, the Village conducted an Existing Conditions & Vulnerability Assessment ("Vulnerability Assessment"), which was finalized on April 8, 2022. The Vulnerability Assessment identified specific risks to the Village of Oak Park that are exacerbated by the effects of fossil fuel combustion. These include greater risk for extreme heat and local flooding, disparately high heat exposure for low-income residents during high temperature days, and higher ground-level ozone as the Village is within a larger U.S. EPA non-attainment area for several criteria pollutants. Ex. B (Nieratka Decl.), ¶ 8. A true and correct copy of the Existing Condition & Vulnerability Assessment is attached hereto as Exhibit C.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what the Vulnerability Assessment states.

4. CROP incorporated the Vulnerability Assessment's data and conclusions, noting that they indicated that the Village is at acute risk of increased flooding and heatwaves, among other extreme weather events. CROP outlines dozens of strategies to abate the various risks to its residents from fossil fuel usage. Ex. B (Nieratka Decl.), ¶ 9.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what CROP states.

5. Recognizing that 70% of the Village's greenhouse gases were due to energy use in buildings, CROP identified several emissions reduction strategies. The Village considered several approaches, including electrifying buildings to reduce the village's production of greenhouse gases. Ex. B (Nieratka Decl.), ¶ 9. A true and correct copy of CROP is attached hereto as Exhibit D.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what CROP states.

6. CROP contains the Village's plans to address public health harms posed by fossil fuels across several other key areas, including by updating building inspection and permitting processes to reflect net-zero criteria and well building concepts, as well as updating ordinances and regulations to minimize air pollution. Ex. C (CROP) at 27 & 62.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what CROP states.

7. On August 1, 2022, the Village of Oak Park unanimously passed Resolution 22-193, adopting CROP. In the Resolution, the Village of Oak Park set forth the basis for adopting

CROP: to combat dangers to "human and ecosystem health" that vulnerable populations in the Village will disproportionately suffer, and because local governments, like the Village, "have unique strengths to lead the way in taking long-term action to mitigate climate change, protect biodiversity, adapt to climate change impacts, and pursue sustainability initiatives that advance social equity, support local economic vitality, and foster community health and well-being." A true and correct copy of Village of Oak Park Resolution 22-193 is attached hereto as Exhibit E.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what the Resolution states.

8. In adopting Resolution 22-193, the Village adopted, amongst other measures: (1) a goal to reduce greenhouse gas emissions from municipal operations and community activities by 60% by 2030, relative to 2019 emissions levels, and to achieve net zero by 2050; (2) a goal to direct 40% of public climate and sustainability dollars to the most vulnerable and climate impacted community members; (3) a goal to partner with frontline organizations and the most impacted community members to create climate and sustainability policies and programs; (4) a goal to meet the energy needs of Village facilities with 100% renewable electricity by 2030 without the use of renewable energy credits; and (5) a goal of becoming a carbon neutral community by no later than 2050, while seeking opportunities to achieve carbon neutrality by an earlier date. Ex. E (Res. 22-193) at 3-4.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material

4

facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact to the extent it is simply describing what the Resolution states.

9. To implement CROP, the Board directed staff to provide recommendations and engaged in extensive discussion about the strategies to reduce emission from the Village's buildings. Ex. A (Nieratka Decl.), ¶ 14; Ex. B (Waters Decl.), ¶ 6.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact.

10. On January 23, 2023, the Board heard testimony recommending an all-electric code. Speakers highlighted high greenhouse gas emissions generated from the Village's buildings. The Village Sustainability Coordinator noted the effects of fossil fuel combustion on indoor and outdoor air quality, referencing studies linking gas appliances to children's asthma and noting that they leak even when off. The Coordinator stated that gas appliances are a "legitimate health hazard that is worth considering."[1]. Ex. A (Nieratka Decl.), ¶ 16; Ex. B (Waters Decl.), ¶ 11

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact.

11. On June 20, 2023, the Village of Oak Park amended its building and residential code by adopting the Ordinance "to provide minimum requirements for enhanced environmental features in all new residential buildings regulated by" the Residential Code. 6 Oak Park Vill. Code § 7-1-2 at X101.1; Ex. B (Waters Decl.) ¶ 12.

**RESPONSE:** The Coalition admits this fact.

12. The Ordinance "reduce[s] production of greenhouse gasses," Oak Park Vill. Code § 7-1-2 at P101.2; *id.* § 7-6-2 at X101.2, by "provid[ing] minimum requirements for electrification for all new buildings," *id.* § 7-1-2 at P101.1 Dkt. 16, ¶ 19.

**RESPONSE:** The Coalition admits this fact.

13. The Ordinance is consistent with CROP plan's goals and the Village community's interest around building energy, is necessary to avoid locking future residents and businesses into using fossil fuels, and is a vital step toward meeting the Village's Net Zero goals and ensuring Village residents are no longer exposed to harmful indoor air pollution and degraded outdoor air quality. Ex. A (Nieratka Decl.), ¶ 17.

**RESPONSE:** The Coalition disputes that this fact is a material fact, as it does not affect the outcome of the suit. *See Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) ("'Material facts' are facts that 'might affect the outcome of the suit.'"). The Coalition otherwise does not dispute this fact.

14. The Ordinance went into effect on January 1, 2024. Dkt. 16, ¶ 20.

**RESPONSE:** The Coalition admits this fact.

Dated: October 22, 2025                 Respectfully submitted,

**CLEAN ENERGY CHOICE COALITION, NFP**

By: /s/ *Christine E. Skoczylas*

Christine E. Skoczylas (#6293811)
Alexander J. Bandza (#6312301)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

6

(312) 537-1313
christine.skoczylas@btlaw.com
abandza@btlaw.com

Kian James Hudson
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 229-3111
kian.hudson@btlaw.com

*Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

      The undersigned certifies that on October 22, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Christine E. Skoczylas*