**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **CLEAN ENERGY CHOICE COALITION, NFP** | ) ) ) ) | |
| *Plaintiff*, | ) ) | Case No: 1:25-cv-04353 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| **VILLAGE OF OAK PARK, ILLINOIS** | ) ) | |
| *Defendant*. | ) ) ) ) | |

**DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Village of Oak Park, Illinois seeks leave to submit as supplemental authority in support of its pending Motion for Summary Judgment (Dkt. No. 34), a Memorandum Opinion entered by Judge Paula Xinis on March 25, 2026 in *National Association of Home Builders of the United States v. Montgomery County* ("*Montgomery County*"), No. 24-cv-3024 (PX), 2026 WL 817322 (D. Md. Mar. 25, 2026), and a Memorandum Opinion and Order entered by Judge Ana C. Reyes on March 26, 2026 in *National Association of Home Builders of the United States v. District of Columbia*("*DC*"), No. 24-CV-02942 (ACR), 2026 WL 837674 (D.D.C. Mar. 26, 2026). In support of this Motion, Defendant states as follows:

1. On August 27, 2025, Plaintiff filed its Motion for Summary Judgment (Dkt. No. 27) and Memorandum in Support (Dkt. No. 28).

2. On September 24, 2025, Defendant filed its Motion for Summary Judgment and combined Memorandum in Support of Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. Nos. 34, 35).

3. On October 22, 2025, Plaintiff filed its Combined Reply in Support of its Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 46).

4. On November 19, 2025, Defendant filed its Reply in Support of Cross Motion for Summary Judgment (Dkt. No. 48).

5. On March 6, 2026, the Court scheduled oral argument for March 12, 2026 (Dkt. No. 50).

6. On March 9, 2026, Defendant filed a Joint Motion to Continue Oral Argument.

7. On March 11, 2026, the Court granted the Joint Motion to Continue Oral Argument and indicated the Court will follow up to set a date for oral argument. As of the time of this filing, the Court has not scheduled oral argument.

8. Since then, two District Courts have issued decisions that add to the growing list of courts supporting Defendant's interpretation of the Energy Policy and Conservation Act (EPCA) and the reach of its preemption provisions, while rejecting arguments like those raised by Plaintiff in its Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

9. In *Montgomery County*, Judge Xinis's decision upheld Montgomery County Bill 13-22, which affirmatively mandated all-electric design in new construction and major renovations. The *Montgomery County* decision is attached as **Exhibit A.**

10. In *DC*, Judge Reyes's decision upheld the District's Clean Energy DC Building Code Amendment Act of 2022, which prohibits on-site combustion of fossil fuels and requires net-zero design for new construction and substantial improvements. The *DC* Decision is attached as **Exhibit B**.

2

11. In both *Montgomery County* and *DC*, the court rejected claims that the EPCA preempts state and local laws—similar to the Village's Ordinance—that prohibit gas appliances or require all-electric design in new construction or major renovations. *See* Def.'s Mot. Summ. J., Dkt. 34, at 6-8; Def's Resp. to Pl.'s Mot. Summ. J., Dkt. 35, at 6.

12. For example, similar to Plaintiff here, plaintiffs in both cases argued that "energy use" in EPCA means the quantity of gas used at the place where the appliance is installed and used by the consumer, such that a law that results in the ban of all gas-powered appliances effectively sets the 'energy use' of appliances at 'zero' and is preempted. *Contrast* Pl.'s Mem. in Supp. Mot. Summ. J, Dkt. 28, at 9-11, *with Montgomery County* at \*2; *DC* at \*4. Both courts rejected these arguments, explaining that "energy use" as defined by EPCA is a technical term measuring the efficiency of a product as manufactured—not "the quantity of energy used after the product was sold to the consumer." *Montgomery County* at \*6; *see DC* at \*5.

13. Both courts also found unpersuasive plaintiffs' argument that the laws "[a]t the very least qualifies as a regulation 'concerning' the amount of natural gas EPCA-covered appliances consume since it makes it impossible for those appliances to consume any . . . natural gas whatsoever at the point of use." *Contrast Montgomery County* at \*7 *with* Pltf.'s Mem. In Supp. Mot. Summ. J., Dkt. 28, at 9-11; *see also DC* at \*6-7. The *Montgomery County* court explained that Montgomery County's law "simply does not regulate 'energy use' as the term is understood in the EPCA," so the law "does not 'concern' the energy use of a covered product. . ." *Montgomery County* at \*7.

3

14. The undersigned has conferred with Plaintiff's counsel regarding the filing of this Motion and Plaintiff's counsel has informed the undersigned that Plaintiff does not oppose this Motion, but reserves the right to file a response.

**WHEREFORE** Defendant Village of Oak Park, Illinois respectfully requests leave to submit the Memorandum Opinion entered by Judge Paula Xinis on March 25, 2026 in *National Association of Home Builders of the United States v. Montgomery County* (*Montgomery County*), No. 24-cv-3024 (PX), 2026 WL 817322 (D. Md. Mar. 25, 2026), and the Memorandum Opinion and Order entered by Judge Ana C. Reyes on March 26, 2026 in *National Association of Home Builders of the United States v. District of Columbia*, (*DC*), No. 24-CV-02942 (ACR), 2026 WL 837674 (D.D.C. Mar. 26, 2026) as supplemental authority in support of its Cross-Motion for Summary Judgment, and any additional relief the Court deems necessary.

**DATED**: March 30, 2026                                     Respectfully submitted,

                                                             **VILLAGE OF OAK PARK, ILLINOIS**

                                                             */s/ Gavin M. Kearney*
                                                             Gavin M. Kearney
                                                             EARTHJUSTICE
                                                             311 South Wacker Drive, Suite 1400
                                                             Chicago, IL 60606
                                                             (773) 828-0816
                                                             gkearney@earthjustice.org
                                                             ARDC # 6328270

                                                             */s/ Thomas Joseph Cmar*
                                                             Thomas Joseph Cmar
                                                             EARTHJUSTICE
                                                             311 S. Wacker Dr., Ste. 1400
                                                             Chicago, IL 60606
                                                             (312) 257-9338
                                                             tcmar@earthjustice.org
                                                             ARDC # 6298307

                                                             */s/ Dror Ladin*
                                                             Dror Ladin (*pro hac vice*)

4

EARTHJUSTICE
48 Wall Street 15th Floor
New York, NY 10005
(212) 845-7376
dladin@earthjustice.org

/s/ Linnet Davis-Stermitz
Linnet Davis-Stermitz (pro hac vice)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle WA 98104
(206) 343-7340
ldavisstermitz@earthjustice.org

/s/ Timothy R. Oberleiton
Timothy R. Oberleiton (pro hac vice)
EARTHJUSTICE
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 793-5820
toberleiton@earthjustice.org

/s/ Gregory T. Smith
Gregory T. Smith
ELROD FRIEDMAN LLP
350 N. Clark Street, Second Floor
Chicago, Illinois 60654
(312) 528-5201
gregory.smith@elrodfriedman.com
ARDC # 6297652

/s/ Tony Fioretti
Tony Fioretti, Assistant Village Attorney
VILLAGE OF OAK PARK
123 Madison Street
Oak Park, IL 60302
(708) 358-5666
tony.fioretti@oak-park.us
ARDC # 6308997

*Counsel for Defendant Village of Oak Park, Illinois*

5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on March 30, 2026, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Timothy R. Oberleiton*
Timothy R. Oberleiton