**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **CLEAN ENERGY CHOICE COALITION, NFP** | ) ) ) ) | |
| *Plaintiff,* | ) ) ) | Case No: 1:25-cv-04353 |
| v. | ) ) ) | Hon. Franklin U. Valderrama |
| **VILLAGE OF OAK PARK, ILLINOIS** | ) ) ) | |
| *Defendant.* | ) ) ) ) | |

**DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Village of Oak Park, Illinois seeks leave to submit as supplemental authority in support of its pending Motion for Summary Judgment (Dkt. No. 34), the June 30, 2026 consolidated opinion of the Second Circuit in *Ass'n of Contracting Plumbers of the City of N.Y., Inc. v. City of N.Y.*, Nos. 25-977 & 25-2041, 2026 WL 1871692 (2d Cir. June 30, 2026) ("*Plumbers*"). In support of this Motion, Defendant states as follows:

1. On August 27, 2025, Plaintiff filed its Motion for Summary Judgment (Dkt. No. 27) and Memorandum in Support (Dkt. No. 28).

2. On September 24, 2025, Defendant filed its Motion for Summary Judgment and combined Memorandum in Support of Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. Nos. 34, 35).

3. On October 22, 2025, Plaintiff filed its Combined Reply in Support of its Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 46).

4. On November 19, 2025, Defendant filed its Reply in Support of Cross Motion for Summary Judgment (Dkt. No. 48).

5. On March 30, 2026, Defendant filed a Motion for Leave to Submit Supplemental Authority in order to submit two District Court decisions that added to the growing list of courts supporting Defendant's interpretation of the Energy Policy and Conservation Act (EPCA). As noted in Defendant's Motion, those courts support Defendant's interpretation regarding the reach of EPCA's preemption provisions, while rejecting arguments like those raised by Plaintiff in its Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.

6. On April 14, 2026, the Court held oral argument on the pending motions.

7. Since then, on June 30, 2026, the Second Circuit issued a consolidated opinion affirming two other district court decisions that rejected arguments similar to those being made by Plaintiff in this case. That consolidated *Plumbers* decision is attached as **Exhibit A.**

8. In *Plumbers*, Appellants sought to invalidate New York City (*Ass'n of Contracting Plumbers of the City of N.Y., Inc. v. City of N.Y*, No. 25-977) and New York State (*Mulhern Gas Co., Inc. v. Mosley*, No. 25-2041) laws which effectively prohibit the use of fossil-fuel-powered appliances in new buildings. The Second Circuit rejected claims that EPCA preempts state and local laws—similar to the Village's Ordinance[1]—that effectively prohibit installation of appliances that burn fossil fuels in new buildings. *See* Def.'s Mot. Summ. J., Dkt. 34, at 6-8; Def's Resp. to Pl.'s Mot. Summ. J., Dkt. 35, at 6.

9. Appellants in both cases argued that "energy use" in EPCA means the quantity of gas used at the place where the appliance is installed and used by the consumer, such that a law that

---

[1] The challenged local laws are not identical (*see Plumbers*, at *5-6), but their effect is similar, and the arguments in support and against as applied in this case are identical.

results in the ban of all gas-powered appliances effectively sets the "energy use" of appliances at "zero" and is preempted. *Contrast* Pl.'s Mem. in Supp. Mot. Summ. J, Dkt. 28, at 9-11, *with Plumbers* at \*10. The Second Circuit rejected these arguments, explaining that "energy use" as defined by EPCA is a technical term measuring the efficiency of a product as manufactured—not "the amount of energy consumed by covered products in the hands of consumers." *Plumbers* at \*10. The Second Circuit made clear that "Appellants' primary argument that the challenged laws are preempted because they 'set' appliances 'energy use' to zero by barring their use by consumers falls flat." *Plumbers* at \*14.

10. The Second Circuit also found unpersuasive Appellants' arguments regarding the extent of EPCA's preemptive reach to regulations "concerning" energy use. *Contrast* Pl.'s Mem. in Supp. Mot. Summ. J, Dkt. 28, at 10-12, with *Plumbers* at \*18-22. Relying on the Supreme Court's guidance in *Gobeille v. Liberty Mutual Ins. Co.*, 577 U.S. 312 (2016), the Second Circuit examined "*EPCA's* objectives and . . . the challenged laws' effect on the preempted subject matter to determine whether an impermissible connection exists." *Id.* at \*18 (citing *Gobeille*, 577 U.S. at 320). The court concluded that "it is clear that EPCA's 'objectives' were to establish a standardized set of performance standards for covered appliances to promote energy conservation[,]" and that "[s]ince the challenged laws do not impose standards of their own, EPCA's objectives weigh against finding an impermissible connection." *Id.* at \*22. Similarly, the court found that "the challenged laws will not 'produce[] the very effect that the federal law sought to avoid,' because they will not apply any significant pressures on manufacturers to produce appliances that exceed federal standards." *Id.* at \*23 (citing *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 372 (2008)).

3

11. The undersigned has conferred with Plaintiff's counsel regarding the filing of this Motion and Plaintiff's counsel has informed the undersigned that Plaintiff does not oppose this Motion, but reserves the right to file a response.

**WHEREFORE** Defendant Village of Oak Park, Illinois respectfully requests leave to submit the June 30, 2026 Opinion of the Second Circuit in in *Ass'n of Contracting Plumbers of the City of N.Y., Inc. v. City of N.Y.*, Nos. 25-977 & 25-2041, 2026 WL 1871692 (2d Cir. June 30, 2026) as supplemental authority in support of its Cross-Motion for Summary Judgment, and any additional relief the Court deems necessary.

**DATED**: July 8, 2026

Respectfully submitted,

**VILLAGE OF OAK PARK, ILLINOIS**

*/s/ Gavin M. Kearney*
Gavin M. Kearney
EARTHJUSTICE
311 South Wacker Drive, Suite 1400
Chicago, IL 60606
(773) 828-0816
gkearney@earthjustice.org
ARDC # 6328270

*/s/ Thomas Joseph Cmar*
Thomas Joseph Cmar
EARTHJUSTICE
311 S. Wacker Dr., Ste. 1400
Chicago, IL 60606
(312) 257-9338
tcmar@earthjustice.org
ARDC # 6298307

*/s/ Dror Ladin*
Dror Ladin (*pro hac vice*)
EARTHJUSTICE
48 Wall Street 15th Floor
New York, NY 10005
(212) 845-7376
dladin@earthjustice.org

4

*/s/ Linnet Davis-Stermitz*
Linnet Davis-Stermitz (*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle WA 98104
(206) 343-7340
ldavisstermitz@earthjustice.org

*/s/ Timothy R. Oberleiton*
Timothy R. Oberleiton (*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 793-5820
toberleiton@earthjustice.org

*/s/ Gregory T. Smith*
Gregory T. Smith
ELROD FRIEDMAN LLP
350 N. Clark Street, Second Floor
Chicago, Illinois 60654
(312) 528-5201
gregory.smith@elrodfriedman.com
ARDC # 6297652

*/s/ Tony Fioretti*
Tony Fioretti, Assistant Village Attorney
VILLAGE OF OAK PARK
123 Madison Street
Oak Park, IL 60302
(708) 358-5666
tony.fioretti@oak-park.us
ARDC # 6308997

*Counsel for Defendant Village of Oak Park, Illinois*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 8, 2026, the foregoing was filed electronically with

the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all

counsel of record.

*/s/ Timothy R. Oberleiton*
Timothy R. Oberleiton